**Oscar PENNYFEATHER,**
**Plaintiff–Appellant,**

v.

**NEW YORK CITY DEPARTMENT OF HEALTH & Amy Metroka,**
**Defendants–Appellees.**

**Docket No. 01–7385.**

United States Court of Appeals,
Second Circuit.

April 11, 2002.

Oscar Pennyfeather, Brooklyn, NY, pro se.

Cheryl Payer, Brooklyn, NY, for Defendant–Appellee New York City Department of Health.

Present OAKES, MESKILL, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of March 29, 2001, be, and hereby is, AFFIRMED.

The plaintiff Oscar Pennyfeather moves to set aside a March 29, 2001 order of the District Court for the Southern District of New York (Deborah A. Batts, *Judge* ), denying his motion, purportedly filed under Fed.R.Civ.P. 59, to set aside a settlement order. Pennyfeather initially filed a complaint alleging age and gender discrimination against the New York City Department of Health (the "City"), and Amy Metroka. The district court dismissed all the claims except one under 42 U.S.C. § 2000e *et seq.* in a September 18, 2000 order that the plaintiff has not appealed.

At issue in the instant appeal is a settlement reached before Magistrate Judge Peck in a hearing on January 12, 2001, in which Pennyfeather and the City stipulated that the latter would pay the plaintiff $2,500 in return for Pennyfeather's agreement to release the City from any liability concerning his transfer. The settlement agreement's terms were read into the record by Magistrate Judge Peck, and Pennyfeather agreed under oath "to the terms of the settlement as [he had] heard it described."

Pennyfeather moved pursuant to Fed. R.Civ.P. 59 to set aside the settlement and re-open the case; the district court denied

his motion and concluded that Pennyfeather was bound by the settlement. Pennyfeather appeals this order.

The factors used to determine whether a settlement is binding are "(1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997). "No single factor is decisive, but each provides significant guidance." *Id.*

The plaintiff presents no factual ground or legal reason to disturb the district court's conclusion that the settlement was proper. The district court found that "the parties here made no express reservation of the right not to be bound in the absence of a signed writing. Further, no terms remained for negotiation and the settlement was made on the record in open court." Thus, Judge Batts correctly concluded that the settlement bound Pennyfeather.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.